# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD MICHEAL TERRY, | CASE NO. 1:11-cv-00186-AWI-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| D. BROWN, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**First Screening Order**

**I.    Screening Requirement and Standard**

Plaintiff Gerald Micheal Terry, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 2, 2011. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's

allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Eighth Amendment Claim**

Plaintiff, who is currently incarcerated at Kern Valley State Prison in Delano, brings this suit against Correctional Counselors D. Brown, D. Chapman, and Stelter. Plaintiff alleges that while he was at California Correctional Institution in Tehachapi, Defendants wrongfully designated him as an "R" suffix inmate, a sex offender designation, without justification.[1] Plaintiff alleges that the "R" suffix classification endangers his safety.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511

---

[1] Plaintiff was apparently arrested for a parole violation relating to robbery and indecent exposure, but he was not charged with or convicted of indecent exposure or any other sex offense. (Comp., Ex., p. 8.)

2

1   U.S. 825, 847, 114 S.Ct. 1970 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010);
2   Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th
3   Cir. 1998).
4        Plaintiff has not alleged any facts supporting a claim that the assessment of an "R" suffix
5   constitutes a serious risk of harm to his safety or that Defendants acted with deliberate indifference
6   to any such risk.  Accordingly, Plaintiff fails to state a claim.

7   **III.    Conclusion and Order**

8        Plaintiff's complaint fails to state a claim for violation of the Eighth Amendment.[2]  The Court
9   will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies.
10  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th
11  Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his
12  amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"
13  complaints).

14       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what
15  each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556
16  U.S. at __, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be
17  [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555
18  (citations omitted).

19       Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114
20  F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be
21  "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

---

[2] Because Plaintiff complains that the assignment of an "R" suffix endangers him, the Court construes the complaint as bringing only a claim for violation of the Eighth Amendment.  To the extent that Plaintiff's complaint can be read to also plead a due process claim, Plaintiff has not alleged any facts supporting the existence of a protected liberty interest in remaining free from the "R" suffix designation, Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005); Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995); cf. Neal v. Shimoda, 131 F.3d 818, 827-30 (9th Cir. 1997) (finding a liberty interest in remaining free from sex offender status where the designation was accompanied by a requirement that inmates complete an extensive treatment program as a precondition to parole eligibility), and Plaintiff has not alleged that he was denied the procedural protections to which he was due under federal law, Neal, 131 F.3d at 830 (citing Wolff v. McDonnell, 418 U.S. 539, 563, 94 S.Ct. 2963 (1974)).  Plaintiff's disagreement with the assessment decision, without more, does not support a due process claim.

Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   February 20, 2012               /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE