# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD MICHEAL TERRY, | CASE NO. 1:11-cv-00186-AWI-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| D. BROWN, | (Doc. 14) |
| Defendant. | THIRTY-DAY DEADLINE |

**Findings and Recommendations Following Screening of Amended Complaint**

**I.    Screening Requirement and Standard**

Plaintiff Gerald Micheal Terry, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 2, 2011. On February 21, 2012, the Court screened Plaintiff's complaint and dismissed it, with leave to amend, for failure to state a claim under section 1983. After obtaining an extension of time, Plaintiff filed an amended complaint on April 27, 2012.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Discussion**

    **A.     Allegations**

Plaintiff is incarcerated at Kern Valley State Prison in Delano, California and he brings this action against Correctional Counselor D. Brown for assigning him an "R" suffix, a designation for sex offenders which Plaintiff alleges endangers his life.

    **B.     Findings**

        **1.     Eighth Amendment Claim**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct.

2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment.  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff alleges that the assessment of the "R" suffix by Defendant Brown endangers his safety because he belongs to the Sueños, a prison gang.  However, Plaintiff was placed in administrative segregation due to safety concerns and he was thereafter given the choice of either the sensitive needs yard (SNY) or the security housing unit (SHU).  (Amend. Comp., pp. 3-4.)

While the Court recognizes that sex offenses are not viewed favorably in prison and the assignment of an "R" suffix is therefore not desirable, it is nevertheless merely a classification decision which, in and of itself, does not violate the Eighth Amendment.  See Morgan, 465 F.3d at 1045.  Here, Plaintiff is not alleging the existence of a substantial risk of harm to his safety which is or was being ignored by prison officials; Plaintiff was assigned housing to accommodate any safety concerns arising out of the assignment of the "R" suffix.  Plaintiff is instead alleging a claim against the individual who assessed the classification arising out of the classification itself.  Despite

///

Plaintiff's understandable displeasure with the classification, there are no facts pled which support an Eighth Amendment claim. See id.

### 2. Fourteenth Amendment Due Process Claim

As in his original complaint, Plaintiff alleges only an Eighth Amendment claim arising out of a threat to his safety, but to the extent that his amended complaint can be read to also plead a due process claim, Plaintiff has not alleged any facts supporting the existence of a protected liberty interest in remaining free from the "R" suffix designation. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005); Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995); cf. Neal v. Shimoda, 131 F.3d 818, 827-30 (9th Cir. 1997) (finding a liberty interest in remaining free from sex offender status where the designation was accompanied by a requirement that inmates complete an extensive treatment program as a precondition to parole eligibility). Plaintiff's mere disagreement with the classification decision does not support a due process claim, and there are no facts pled which support the existence of a protected liberty in remaining free from an "R" suffix classification. Wilkinson, 545 U.S. at 221-23.

### III. Conclusion and Recommendation

The Court has screened Plaintiff's amended complaint and finds that it fails to state a claim under section 1983. Based on the nature of the deficiencies and the Court's previous screening order, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///

///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 6, 2012**              /s/ Sheila K. Oberto
                                                                UNITED STATES MAGISTRATE JUDGE